J-S08007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHU NGUYEN, | |
| Appellant | No. 1330 EDA 2018 |

Appeal from the PCRA Order EnteredApril 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704102-1997

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 25, 2019**

Appellant, Phu Nguyen, appeals *pro se* from the post-conviction court's April 5, 2018 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court briefly summarized the facts of Appellant's underlying convictions, as follows:

> In August [of] 1995, [Appellant], with four co-defendants, conspired to rob a massage parlor.  [Appellant], acting as a "look out," aided his co-conspirators in fatally shooting a security guard, and robbing several of the parlor's employees and customers.

PCRA Court Opinion (PCO), 4/5/18, at 2.  The court also provided a recitation of the procedural history of Appellant's case, stating:

> On May 2, 1997, [Appellant] … was arrested and charged with Murder and related offenses.  On March 1, 1999, a jury

---

[*] Former Justice specially assigned to the Superior Court.

convicted [Appellant] of Second-Degree Murder, Conspiracy, and four counts of Robbery. On the same date, the [trial court] sentenced [Appellant] to life imprisonment without the possibility of parole for Second-Degree Murder. Further sentencing was deferred until April 19, 1999, when [the court] imposed concurrent terms of ten to twenty years for Conspiracy, and five to ten years for each count of Robbery.[1]

[1] All other charges were *nolle prossed*.

[Appellant] appealed and on September 5, 2002, the Superior Court affirmed his judgment of sentence. [**Commonwealth v. Nguyen**, No. 3311 EDA 1999, unpublished memorandum (Pa. Super. filed Sept. 5, 2002).] On April 22, 2003, the Supreme Court denied [Appellant's] [Petition] for Allowance of Appeal. On July 10, 2015, the [Appellant] filed a *pro se* [PCRA] … petition, his first. On November 28, 2016, this matter was assigned to this [c]ourt. On December 15, 2016, PCRA counsel - finding the petition untimely - filed a no-merit letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*),] and a Motion to Withdraw.

On March 2, 2017, this [c]ourt dismissed the petition and permitted counsel to withdraw. [Appellant] did not file a Notice of Appeal to the Superior Court. On July 25, 2017, [Appellant] filed an Amended Answer to [the] PCRA Court's Motion to Dismiss.[3]

[3] In his Answer, [Appellant] reiterated the claims raised in his July 10, 2015 Petition based on **Alleyne v. United States**, [570 U.S. 99] … (2013)[,] while also making new claims based on **Commonwealth v. Batts**, 163 A.3d 410 ([Pa.] 2017). This was treated as an untimely response to the [c]ourt's [Pa.R.Crim.P.] 907 Notice.

On February 23, 2018, [Appellant] filed the instant *pro se* PCRA petition, his second. On March 5, 2018, after determining that [Appellant] was not entitled to counsel, this [c]ourt found the petition meritless and filed a Notice of Intent to Dismiss under [Rule] 907. On March 15, 2018, [Appellant] filed a response to this [c]ourt's [Rule] 907 Notice.[4]

[4] In his [Rule] 907 response, [Appellant] reiterate[d] his argument that he received an illegal sentence and that his petition was timely, but [he] raise[d] no new issues.

*Id.* at 1-2 (one footnote omitted).

On April 5, 2018, the PCRA court issued an order and accompanying opinion dismissing Appellant's petition as being untimely filed. Appellant filed a timely, *pro se* notice of appeal on May 2, 2018. The court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states two issues for our review:

    A. Whether [Appellant] is entitled to relief from his conviction and sentence because the Commonwealth failed to disclose[] relevant **Brady**[1] material in a manner depriving him of his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution[?]

    B. Whether [Appellant] is entitled to relief from his conviction and sentence because the trial court severed Pennsylvania's minimum sentencing statute in a manner depriving him of his rights under the Eighth and Fourteenth Amendments of the Constitution and the corresponding provisions of the Pennsylvania Constitution[?]

Appellant's Brief at 1 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 3 -

second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

---

[2] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Here, Appellant's judgment of sentence became final in 2003 and, thus, his present petition, filed in 2018, is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Initially, we note that Appellant's brief has two separate Argument sections. *See* Appellant's Brief at 2, 6. Additionally, he separates his brief into seven sections and sub-sections, which obviously does not align with the two issues he set forth in his Statement of the Questions Involved, quoted *supra*. Notwithstanding these briefing defects, we can discern the basic arguments Appellant raises herein; thus, we will not consider his issues waived or dismiss his appeal entirely. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted).

Appellant first contends that he meets the governmental-interference exception of section 9545(b)(1)(i) based on the Commonwealth's allegedly withholding information related to misconduct by multiple Philadelphia Police Officers. Not only does Appellant fail to develop this argument in any meaningful regard,[3] but we also deem this claim waived based on his failure to raise it before the PCRA court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in

---

[3] For instance, Appellant does not specify whether any officer involved in the investigation of his case was accused of misconduct.

the lower court are waived and cannot be raised for the first time on appeal."). As the PCRA court points out in a supplemental opinion filed on April 18, 2018, Appellant did not raise this governmental-interference claim in his initial petition; instead, he asserted it for the first time in an amended petition that he mailed on April 5, 2018 - the same date that the court issued its order dismissing his petition. As the court stresses, "[a] PCRA petitioner may not raise new claims by merely supplementing a pending PCRA [petition] without court authorization; failure to obtain leave of the PCRA court waives such claims." PCRA Court Supplemental Opinion, 4/18/18, at 1 (citing **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) ("[I]t is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver….")). In light of Appellant's failure to raise this claim in his initial petition or in a court-approved amendment thereto, and given his wholly undeveloped argument in his appellate brief, we deem this issue waived.

Appellant next avers that he meets the governmental-interference exception based on our Supreme Court's decisions in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017), and **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). However, Appellant's argument as to how our Supreme Court's decisions in these cases amounted to governmental interference is confusing, at best. For instance, he contends, "that interference by government officials prevented him from discovering the unlawful severance of the statutes in this case…." Appellant's Brief at 8. Appellant further asserts

that his "sentence is unconstitutional, because the creation of two classes of offenders, one eligible for relief under **Wolfe** and one ineligible, based solely on the date their convictions became final, violates the Pennsylvania Constitution's guarantee of due process, equal protection, and prohibition on cruel punishments." **Id.**

Appellant's virtually incoherent arguments do not demonstrate the applicability of the governmental interference exception. Notwithstanding, we also note that **Batts** involved sentencing issues pertaining to individuals convicted of murder committed when they were under the age of 18, in the wake of the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that mandatory sentences of life without parole cannot be constitutionally applied to individuals who were under 18 when they committed their crimes). Here, Appellant was 24 years old when he committed murder and, thus, **Batts** clearly would not apply to his case.

Likewise, we would also deem our Supreme Court's decision in **Wolfe** wholly inapplicable to the case *sub judice*. In **Wolfe**, our Supreme Court struck down the mandatory-minimum sentencing statute set forth in 42 Pa.C.S. § 9718 (Sentences for offenses against infant persons), as it violated the rule announced in **Alleyne v. United States**, 570 U.S. 99, 106 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Appellant was not sentenced under section 9718; instead, he received a mandatory life-without-parole sentence under 18 Pa.C.S. 1102(b). That statute does not

require fact-finding by the trial court and, therefore, it is not unconstitutional under *Alleyne*.

In sum, Appellant's waived and/or confusing arguments do not demonstrate the applicability of any exception to the PCRA's timeliness requirement. Consequently, we discern no error in the court's dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/19